■ In the Matter of the Claim of MARY EISELE, on Behalf of Herself and Minor Child, Respondent, against TRIANGLE UTILITIES, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the employer and its carrier from a decision and award of the Workmen's Compensation Board. On the morning of May 15, 1956, the deceased employee was struck by a passing car while standing by the truck which he drove. When he returned home from work that evening he was perspiring and shivering and he had a bandage on his head. A neighbor took him to a Dr. Gilbert who had him hospitalized. Dr. Gilbert found the decedent to be incoherent and groggy and his diagnosis at that time was contusions and abrasions of the head, pain in the back, traumatic shock and sprain of the pectoral muscles. He testified that the decedent did not have pneumonia when admitted to the hospital but that he developed it while in the hospital and that he also developed delirium tremens. The decedent died in the hospital on May 23, 1956. The death certificate and autopsy stated the cause of death was chronic alcoholism with delirium tremens. Dr. Gilbert and another physician testified that the delirium tremens were precipitated by the trauma received in the accident. The claimant's other medical witness felt that death resulted from the injuries sustained in the accident and not delirium tremens. The appellant's

two medical witnesses were of the opinion that the decedent had pneumonitis when hospitalized and that death resulted from the medications and superabundance of drugs received in the hospital. The board found that the decedent sustained accidental injuries which resulted in and caused his death from delirium tremens and that the drugs administered during his hospitalization, which was necessitated by the injuries, contributed to his death. The appellants contend that there is a lack of substantial evidence indicating chronic alcoholism. The claimant, although denying that her husband was a heavy drinker, testified that he did drink with his meals and in the evenings. Dr. Gilbert stated that he knew from living in the neghborhood and from what the claimant had told him that the decedent was a heavy drinker. The autopsy showed an enlarged liver which is associated with alcoholism and two doctors stated that the decedent had delirium tremens. In view of this there was substantial evidence from which the board could find that death was caused by delirium tremens which had been precipitated by the accident. The board also found that the drugs administered in the hospital were a contributing factor in the decedent's death. Since the injuries received in the accident caused the hospitalization the award of death benefits could also be sustained on this basis. Decision and award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Bergan, Gibson, Herlihy and Reynolds, JJ.